IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHELTON FRANK                                                                                          PLAINTIFF

            v.                              Civil No. 04-6100

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

      Plaintiff, Shelton Frank, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and for supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI of the Act, *42 U.S.C. § 1381a,* respectively.

      Plaintiff was 41 years of age at the time of the most recent administrative hearing and has a twelfth grade education and training as a carpenter and plumber (T. 158, 67, 81). He has past relevant work as a carpenter and a plumber (T. 158-59, 70). Plaintiff asserts disability due to: status post open reduction internal fixation for a comminuted pillion fracture of the left ankle; arthritis; lower back pain; edema; loss of balance; and pain.

      Plaintiff protectively filed his applications on January 2, 2002 (T. 36-39, 15, 157). The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on July 3, 2003 (T. 157-175). The ALJ rendered an

unfavorable decision on February 18, 2004 (T. 15-20). On June 25, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's unfavorable decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #7 & 8), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A),*

*1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995); see also*

-3-

*Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that

he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001); see also, Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§ 416.945(a).*

AO72A
(Rev. 8/82)

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988)*. If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987).* However, neither is

AO72A
(Rev. 8/82)

the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993),* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence.[1] *Morse v. Shalala 16 F.3d 865, 872 -873 (8th Cir.1994),* citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978);* see also *Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's conditions and circumstances."

"[A] factfinder is not permitted to adopt the opinion of a consulting physician who

---

[1] This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. *See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); Nelson v. Sullivan, 966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians").

examined claimant only once over the opinion of claimant's treating physician." *Robertson v. Sullivan, 925 F.2d 1124, 1126 (8th Cir. 1991),* and the United States Court of Appeals for the Eighth Circuit has consistently discounted the opinions of non-treating physicians who have seen the patient only once, much less, not at all. *Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir.1991); Riley v. Shalala 849 F.Supp. 679, 682 (E.D.Ark.,1993).*

**Discussion:**

At the outset, it should be noted that it appears a closed period of disability is at issue, herein. As the United States Court of Appeals for the Eighth Circuit has made clear, disability is not an "all-or-nothing" proposition; an applicant may be entitled to benefits for one portion of a benefit claim period but not another. See *Lubinski v. Sullivan 952 F.2d 214, 219 (8th Cir. 1991),* citing *Van Horn v. Heckler, 717 F.2d 1196, 1200 (8th Cir.1983);* see also *Atkinson v. Bowen, 864 F.2d 67, 71 (8th Cir.1988).* The Commissioner frequently has awarded such a "closed period" disability benefit. See*, e.g., Ness v. Sullivan, 904 F.2d 432, 434-35 (8th Cir.1990)* (Secretary awarded closed period award; case remanded to determine if closed period should be extended); *Woods v. Bowen,)854 F.2d 288, 290 (8th Cir.1988)* (modifying closed period award).

The plaintiff contends that the instant matter should be remanded for the following reasons: the ALJ failed to evaluate the severity of plaintiff's impairments, specifically his ability to stand and walk with his severe crushed left ankle and arthritis; he failed to have the vocational expert (hereinafter "VE"), address plaintiff's ankle and arthritis; and, the ALJ did not give proper consideration to plaintiff's chronic pain (Doc. #7, p. 2).

Plaintiff sustained an on-the-job injury, fracturing his left ankle, on November 5, 2001.

-8-

He was transported to the hospital, and underwent surgery later that day, performed by Dr. James Kevin Rudder (T. 150). He remained under Dr. Rudder's care until, at least, February 21, 2003 (T. 152).

> Progress notes from a November 21, 2002 visit to Dr. Rudder indicate:
>
> I watched his ambulation today. He walks with a very pronounced antalgic straight leg gait with his foot externally rotated secondary to pain. He also has a very profound pelvic obliquity with this gait that is likely causing his back problems. Exam of his foot shows a very well maintained ROM without significant amount of swelling, although he has some pain on the anterior aspect of it. X-rays taken today show excellent healing with some decrease in the talotibial space which one would expect with the severity of this fracture.
>
> Mr. Frank is experiencing lumbar pain secondary to his antalgic gait as a direct result of this fracture of his lower extremity. I am going to put him back in his fracture walker to see if I can get him to walk more upright and decrease some of the pain of the low back.

(T. 152).

> On December 10, 2001, Dr. Rudder wrote:
>
> The prognosis for his ankle is quite concerning. This injury was indeed quite significant, as his ankle was broken quite severely. In the ensuing weeks, we will remove the external fixator device from his lower extremity, and hopefully 8-10 weeks after surgery, we will begin gradual weight bearing.
>
> * * *
>
> Given the severity of this nature, I do feel like that (sic) he is highly likely to have significant post-traumatic arthritis in years to come.

(T. 146). On February 18, 2002, Dr. Rudder again noted "Frank is going to have long-term problems with this to include post-traumatic arthritis." (T. 116).

In a letter dated March 18, 2002, addressed to the Disability Determination for Social Security Administration, Dr. Rudder wrote:

AO72A
(Rev. 8/82)

> We will send along copies of our clinic notes, as well as any other reports associated with his care. It is my opinion however, that this patient is likely to have a severe and significant long-term disability, and will likely be unable to stand, walk, lift or carry any objects.
>
> I have indeed advised Shelton that this may be a very significant life-altering event for him, and that his capacity to seek gainful employment is going to be very limited in the future.
>
> If there are any questions regarding his consideration for disability, please feel free to contact my office.

(T. 114).

Finally, on November 21, 2002, over one year after injury, Dr. Rudder stated:

> Mr. Frank is a patient I have been seeing since a profound tibial fracture of his left lower extremity about one year ago. He has done everything that I have asked him to do and he continues to have significant pain and deformity of gait. This type of injury is significantly disabling and because of the limp that has developed while using his cane, he has low back pain. While he has tried to avoid narcotic pain medication, in fact I have not written him a prescription now for four months, I have given him another one recently.
>
> I do not feel that Mr. Frank will be able to seek active, gainful employment for at least an additional twelve months, beyond the twelve months that he has already been off work.

(T. 113).

Although the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," the United States Court of Appeals for the Eighth Circuit has stated that a "claimant's residual functional capacity is a medical question," *Singh v. Apfel, 222 F.3d 448, 451 (8th Cir.2000)*. "[S]ome medical evidence," *Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir.2000)* (*per curiam*), must support the determination of the plaintiff's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace," *Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000)*.

AO72A
(Rev. 8/82)

Therefore, although in evaluating plaintiff's RFC, *see 20 C.F.R. § 404.1545(c)*, the ALJ was not limited to considering medical evidence, we believe that the ALJ was required to consider at least some supporting evidence from a professional. *Cf. Ford v. Secretary of Health and Human Services, 662 F.Supp. 954 (W.D.Ark.1987)* (RFC was "medical question," *id. at 955*, and medical evidence was required to establish how claimant's heart attacks affected his RFC, *id. at 956*), cited with approval in *Nevland v. Apfel, 204 F.3d at 858*; see also, *Lauer v. Apfel 245 F.3d 700, 704 (8th Cir.2001)*.

Here, the ALJ stated he did not rely on the state agency medical consultant, as the record had been supplemented with testimony and additional evidence (T. 18). Further, he discounted the treating orthopedist's findings and opinions, stating:

> However, the medical findings submitted by Dr. Rudder and otherwise documented in the record do not support a finding that the claimant's medical condition is disabling. Dr. Rudder's office notes establish that the claimant had good range of motion and X-rays showed "fairly decent well-maintained joint." The treating physician appears to have taken the claimant's subjective allegations at face value in making this assertion, one which does not necessarily take into account other factors which must be considered by the [ALJ], such as the other medical reports and opinions as well as the vocational factors involved.

(T. 18). The undersigned is unaware of the existence of "other medical reports and opinions." Therefore, it does not appear that the ALJ obtained/considered medical evidence that addresses the claimant's "ability to function in the workplace," as is required. *Nevland v. Apfel, 204 F.3d at 858*.

Further, the United States Court of Appeals for the Eighth Circuit has observed:

> We recognize the difficulties which come from the type of hearing often necessitated in social security cases where much of the medical evidence is submitted in report form. Written medical reports seldom provide a medical witness the opportunity to fully develop the overall physical or mental condition

AO72A
(Rev. 8/82)

of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.[2]

Although the law recognizes that written medical reports are admissible in social security hearings and may be the sole basis for substantial evidence to support a social security determination[3] agency adjudicators and courts cannot ignore their inadequacies. Experience within our adversary trial system has long demonstrated that naked conclusions and opinions of medical experts are often subject to reserved and unwritten qualifications requiring searching evaluation. Medical diagnosis is seldom an exact science. However, since expediency is deemed an important consideration in processing social security claims[4] the [Commissioner] and reviewing court must closely scrutinize the evidence to avoid miscarriages of justice. For the right to disability payments is a significant one to the applicant; it may well constitute the only ray of hope left to him.

*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir.1974).

Upon remand and possible receipt of additional evidence, the Commissioner should cause there to be an assessment of plaintiff's RFC during the relevant time period, with special attention devoted to the possibility of a closed period of disability, and if necessary, procure the testimony of a vocational expert in determining whether there existed a significant number of jobs in the economy which plaintiff remained capable of performing during that time. The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but

---

[2] It might be advisable for the [Commissioner] to submit a short set of interrogatories to examining physicians which will require the physician not only to set forth his full detailed opinion as to the extent of disability but also whether in his opinion the claimant is disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period of disability. We note Health, Education and Welfare medical advisors utilize forms in giving their opinions. (footnote in original).

[3] See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). (footnote in original)

[4] See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). (footnote in original)

AO72A
(Rev. 8/82)

proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir.1991).*

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis of the plaintiff's residual functional capacity during the time period at question.

ENTERED this 30th day of August, 2005.

                                              /s/ Bobby E. Shepherd
                                              HONORABLE BOBBY E. SHEPHERD
                                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)