IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHELTON FRANK                                                                    PLAINTIFF

vs.                                        Civil No. 6:04-cv-06100

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                                     DEFENDANT

## ORDER

Pending now before this Court is Plaintiff's Attorney's Motion for Award of Attorney's Fees

Pursuant to 42 U.S.C. § 406(b).  (Doc. No. 17-1).[2]  This motion was filed on June 8, 2007.  The

Commissioner responded to this motion on June 20, 2007.  (Doc. No. 20).  This matter is ready for

decision.

**Background:**

Shelton Frank ("Plaintiff") appealed to this Court from the Commissioner of the Social

Security Administration's ("Commissioner") denial of his request for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI").  (Doc. No. 1).  On August 30, 2005, the

Honorable Judge Bobby E. Shepherd reversed and remanded Plaintiff's case to the ALJ pursuant to

sentence four of 42 U.S.C. § 405(g).  (Doc. No. 10).  On November 18, 2005, Plaintiff's attorney

requested fees under the Equal Access to Justice Act ("EAJA").  (Doc. No. 12).  Plaintiff's attorney

was awarded these fees, in the amount of $2,294.00, on January 18, 2006.  (Doc. No. 16).

On March 22, 2006, after this remand, the Commissioner entered a decision fully favorable

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

to Plaintiff, and Plaintiff was awarded a total of $24,598.50 in past-due benefits. (Doc. Nos. 18-1, 18-2). Plaintiff's attorney states that the Commissioner has withheld a total of $8,199.50 for attorney's fees in the present action, which she claims represents 25% of the past-due benefits paid to Plaintiff. *See id.* Plaintiff's attorney seeks this amount for the 31.15 hours she asserts were spent representing Plaintiff, 18.20 hours devoted to the representation of Plaintiff before the district court and 12.95 hours devoted to the representation of Plaintiff at the administrative level. (Doc. No. 19). An award of $8,199.50 for 31.15 hours would represent a total of $263.23 per hour. Plaintiff's attorney has also filed her contingency fee agreement with Plaintiff reflecting a 25% contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 18-3).

Defendant objects to awarding Plaintiff's attorney fees for the hours Plaintiff's attorney claims were devoted to the representation of Plaintiff at the administrative level. (Doc. No. 20, Page 1). Defendant argues that "the words of the statute authorizing attorney's fees in Social Security cases are clear that a court can award an attorney fee only for court-related representation." *See id.*

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of a claimant before the court. This fee must not be in excess of 25% of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due benefits. *See id.* A court, however, is not authorized to approve a fee for time spent in the representation of a claimant at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any

2

representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *See id.* The Supreme Court has, however, abrogated *Cotter* and has held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002). Instead, the Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *See id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

**Discussion:**

Plaintiff's attorney asserts that she has spent 31.15 hours performing court-related and administrative services for her client. (Doc. No. 17-1). Plaintiff's attorney also asserts that she is

entitled to an award of $8,199.50, which represents an hourly rate of $263.23 for 31.15 hours. *See id.* Pursuant to the Eighth Circuit's decision in *Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990), Plaintiff's attorney clearly cannot recover for the hours she spent performing administrative services for her client. *See* 42 U.S.C. § 406(b). Instead, Plaintiff's attorney can only recover for the 18.20 hours which were devoted to the representation of Plaintiff before the district court. Furthermore, Plaintiff's attorney claims that the $8,199.50 is 25% of Plaintiff's past-due benefits or 25% of $24,598.50. (Doc. No. 18-1). Twenty-five percent of $24,598.50, however, is only $6,149.63, and, therefore, Plaintiff's attorney is only entitled to a maximum of $6,149.63. *See* 42 U.S.C. § 406(b)(1)(A). The total hours this Court can award fees or 18.20 hours, divided by the total amount Plaintiff's attorney can recover as fees or $6,149.63 equals an hourly rate of $337.89.

This Court finds that $337.89 per hour is a reasonable hourly rate. Plaintiff and Plaintiff's attorney entered into a 25% contingency agreement. (Doc. No. 18-3) Based upon that agreement and the past-due benefits that have been awarded to Plaintiff, Plaintiff's attorney is to receive $337.89 per hour. Plaintiff's attorney has been practicing social security law over 14 years and is entitled to a rate of $337.89 per hour. (Doc. No. 19). Accordingly, based upon this information, this Court awards attorney's fees pursuant to the contingency fee agreement and finds that Plaintiff's attorney's hourly rate is reasonable. *See Gisbrecht,* 535 U.S. at 793.

**Conclusion:**

This Court previously awarded Plaintiff's attorney $2,294.00 in EAJA fees, and Plaintiff's attorney now seeks an award of fees under 42 U.S.C. § 406(b). (Doc. Nos. 16, 17-1). Under 42 U.S.C. § 406(b), Plaintiff's attorney may receive up to 25% of Plaintiff's past-due benefits awarded or up to $6,149.63. Plaintiff's attorney spent 18.20 hours representing Plaintiff before the court.

4

(Doc. No. 17-1).  This total, 18.20 hours, divided by $6,149.63 equals an hourly rate of $337.89.

This Court finds $337.89 is a reasonable hourly rate and awards Plaintiff's attorney a total of

$6,149.63 in attorney's fees.  Plaintiff's attorney is directed to refund $2,294.00, the amount of the

EAJA fees, to Plaintiff.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

**ENTERED** this **6th Day of July, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge